**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **In re:**<br><br>**O'BRIEN ENERGY RESOURCES CORPORATION,**[1]<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 26-10092-KB** |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 25, 2026, THROUGH JULY 31, 2026**

| | |
|---|---|
| Name of Applicant: | Bernstein, Shur, Sawyer & Nelson, P.A |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Petition Date: | January 30, 2026 |
| Date of Retention Order: | May 8, 2026 [D.E. 94], with retention effective as of March 25, 2026 |
| Compensation Period: | March 25, 2026, through July 31, 2026 |
| Compensation for Fees Requested: | **$36,721.50** |
| Expense Reimbursement Requested: | **$738.91** |
| Total Amount Requested in Fee Application: | **$37,460.41** |
| Amount Held in Escrow by BSSN: | **$40,000.00** |

**This is a First Interim Application.**

[1] The last four digits of O'Brien Energy Resources Corporation's federal taxpayer identification number are 3764, and its principal place of business is 18 Congress Street, S207, Portsmouth, New Hampshire.

## SUMMARY OF FEES AND EXPENSES DURING COMPENSATION PERIOD

**Compensation by Timekeeper: Total Fees**

| Name of Professional and Position | Year Admitted | Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|
| Sam Anderson, Shareholder | 2005 | $665.00 | 1.60 | $1,064.00 |
| Matthew J. Delude, Shareholder | 2007 | $485.00 | 16.10 | $7,808.50 |
| Adam R. Prescott, Shareholder | 2012 | $545.00 | 31.40 | $17,113.00 |
| Kenneth W. Laughton, Associate | 2022 | $320.00 | 27.10 | $8,672.00 |
| Katherine Flynn, Paralegal | N/A | $180.00 | 2.50 | $450.00 |
| Evelyn A. Kitchen, Paralegal | N/A | $275.00 | 5.10 | $1,402.50 |
| Laura T. Unfricht, Paralegal | N/A | $235.00 | 0.90 | $211.50 |
| | | **Total** | **84.70** | **$36,721.50** |

**Compensation by Project Category: Total Fees**

| Task Number | Task Description | Hours Billed | Fees Billed |
|---|---|---|---|
| 1 | Asset Analysis and Recovery | 0.30 | $96.00 |
| 3 | Business Operations | 11.50 | $5,726.00 |
| 4 | Case Administration | 42.60 | $18,713.00 |
| 7 | Fee/Employment Applications | 8.10 | $2,952.00 |
| 9 | Financing | 11.10 | $5,887.50 |
| 10 | Litigation | 6.20 | $2,074.00 |
| 23 | ECF Filing & Related Service | 4.90 | $1,273.00 |
| | **Total** | **84.70** | **$36,721.50** |

**Summary of Expenses Requested**

| Category | Amount |
|---|---|
| Mileage | $146.45 |
| Federal Express Shipping Fees | $592.46 |
| **Total** | **$738.91** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **In re:**<br><br>**O'BRIEN ENERGY RESOURCES CORPORATION,**[1]<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 26-10092-KB** |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 25, 2026, THROUGH JULY 31, 2026**

Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), in its capacity as counsel to the Official Committee of Unsecured Creditors (the "**Committee**") in the chapter 11 case of O'Brien Energy Resources Corporation (the "**Debtor**"), submits its first interim fee application (the "**Fee Application**"), seeking entry of an order allowing and authorizing the Committee to pay to BSSN, on an interim basis, compensation for professional services in the amount of **$36,721.50** and reimbursement of expenses in the amount of **$738.91** for the period of March 25, 2026, through and including July 31, 2026 (the "**Compensation Period**"). In support of this Fee Application, the Committee states as follows:

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

[1] The last four digits of O'Brien Energy Resources Corporation's federal taxpayer identification number are 3764, and its principal place of business is 18 Congress Street, S207, Portsmouth, New Hampshire.

3. The statutory predicates for the relief sought herein are §§ 327(a) and 330 of chapter 11 of 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 2016(a), and D.N.H. LBR 2016-1.

**BACKGROUND**

4. On January 30, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Hampshire.

5. On April 3, 2026, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Order Pursuant to §§ 328(a) and 1103(a) of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Committee Effective as of March 25, 2026* [D.E. 65] (the "**Retention Application**").

6. On May 8, 2026, this Court entered its order granting the Retention Application and authorizing the Committee to retain BSSN, effective as of March 25, 2026 [D.E. 94] (the "**Retention Order**").

**COMPENSATION AND REIMBURSEMENT REQUEST**

7. By this Fee Application, for the Compensation Period, BSSN seeks allowance, on an interim basis, for payment of compensation for services rendered to the Committee in the amount of **$36,721.50**, and reimbursement of expenses in the amount of **$738.91**. The total amount sought by BSSN for the Compensation Period in the Fee Application is **$37,460.41**.

8. A detailed statement of professional services provided to the Committee by BSSN during the Compensation Period is set forth on **Exhibit A**, which is attached hereto and incorporated herein by reference (the "**Billing Detail**").

9. Summary charts setting forth billing rates, total hours billed, and total amounts

billed for each professional and paraprofessional at BSSN during the Compensation Period are set forth above in the *Summary of Fees and Expenses During Compensation Period*. Pursuant to LBR 2016-1 Annex 2 Form 2016-1B is provided herewith.

10. No understanding exists between BSSN and any other person for the sharing of the compensation sought by this Fee Application, except among the shareholders and employees of BSSN. In addition, no payments have been made or promised to BSSN for services rendered or to be rendered in connection with the Debtor's case, except as may be set forth herein or in the Retention Application or Retention Order.

11. BSSN has substantial experience in the areas of corporate law and business reorganizations under chapter 11 of the Bankruptcy Code, as well as experience and expertise in many other areas of law that typically arise in the context of a case under Chapter 11. A brief biography of each BSSN professional and paraprofessional who has rendered services in connection with the fees and expenses sought herein is set forth in **Exhibit B**, which is attached hereto and incorporated herein by reference.

12. This Fee Application is BSSN's first interim fee application to this Court in this case for compensation for professional services and reimbursement of expenses pursuant to §§ 328 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016 and D.N.H. LBR 2016-1.

13. As required by paragraph (b)(v) of the UST Guidelines, the Committee was given the opportunity to review the fees sought by this Application prior to filing, and the Committee supports the request.

## SUMMARY OF SERVICES

14. BSSN provided numerous and varied services to the Committee in connection with the Debtor's chapter 11 case during the Compensation period. The Billing Detail is annotated with

task codes to supplement the time entries generated by each timekeeper. Generally speaking, however, BSSN's services in the Compensation Period included, but were not limited to, the following:

a. Committee Administration. BSSN advised the Committee on formation and governance issues, including preparation of bylaws and formal Committee meetings. BSSN also advised the Committee on strategic issues to protect and advance the interests of unsecured creditors during the case, including as to appointment of a chapter 11 trustee and opposing dismissal of the case.

b. Case Oversight. Throughout the Compensation Period, BSSN advised and represented the Committee in fulfilling its statutory duties. Services included analyzing the Debtor's financial and operational performance; reviewing pleadings, budgets, monthly operating reports, and other case filings; evaluating proposed financing transactions and plan related matters; and communicating and negotiating with the Debtor's counsel and financial advisor, as well as with creditors and other parties in interest.

c. Professional Retention. BSSN represented the Committee in connection with the retention of Committee counsel, including the preparation and execution of the application to employ BSSN and related filings.

## THE ACTUAL AND NECESSARY EXPENSES SHOULD BE ALLOWED

15. All of the expenses in this Fee Application for which reimbursement is requested are expenses that: (i) BSSN customarily recoups from all of its clients; (ii) were incurred or billed during the Compensation Period; and (iii) were necessarily incurred in connection with the case. BSSN will not profit from the reimbursement of any expense. The types of costs and expenses for which reimbursement is sought are set forth in detail on **Exhibit A**. A chart summarizing the expenses is included above in the *Summary of Fees and Expenses During Compensation Period*.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Pursuant to § 330 of the Bankruptcy Code, this Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). The Court may, on its own motion or an objection filed by a party in interest, "award compensation that is

less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). In evaluating the amount of reasonable compensation to be awarded, the Court should consider:

> the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

U.S.C. §§ 330(a)(3)(A–F).

17. BSSN submits that the services for which it seeks compensation in this Fee Application were necessary for and beneficial to the Committee and the Debtor's estate. The services rendered by BSSN during the Compensation Period were performed economically, effectively, and efficiently. The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible and appropriate, BSSN sought to minimize the costs of its services by utilizing associates and paraprofessionals and minimizing the number of professionals working on the case.

18. In sum, the services rendered by BSSN were necessary and beneficial to the Committee, the Debtor, and its estate, and such services were consistently performed in a timely manner, commensurate with the complexity and nature of the issues involved. Accordingly, approval of the compensation sought herein for this Fee Application is warranted on an interim basis.

WHEREFORE, BSSN requests that this Court enter an order: (a) approving this Fee Application and the amount of compensation and expense reimbursement sought herein on an interim basis; (b) authorizing BSSN to apply its escrowed funds (as disbursed to BSSN in accordance with the cash collateral budgets) to the fees and expenses allowed herein; and (c) providing any such other and further relief as the Court deems just and proper.

Dated: August 7, 2026

Respectfully submitted,

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*

Adam R. Prescott, Esq. (admitted pro hac vice)
Matthew J. Delude, Esq. (USBC Bar No. 07374)
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105
(207) 228-7145
aprescott@bernsteinshur.com
mdelude@bernsteinshur.com

Counsel to the Official Committee of Unsecured Creditors